## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | | |
|---|---|---|
| WILL ROGER JONES, | ) | |
| | ) | |
| Petitioner, | ) | No. 2:00-cr-00446-DCN-1 |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on petitioner Will Roger Jones's ("Jones") motion to vacate his sentence under 28 U.S.C. § 2555, ECF No. 183. For the reasons set forth below, Jones's motion is dismissed for lack of jurisdiction.

### I.  BACKGROUND

On February 9, 2001, Jones was found guilty of conspiracy in violation of 18 U.S.C. § 371; armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and 2; using a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) and 2; being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 2; possession of an unlawful sawed-off shotgun in violation of 26 U.S.C. § 5841, 5861(d), and 5871 and 18 U.S.C. § 2; and possession of a firearm with a removed or obliterated manufacturer's serial number in violation of 18 U.S.C. § 922(k) and 924(a)(1)(B). At his sentencing, Jones was found to be a career offender under the United States Sentencing Guidelines ("the Guidelines") based on a 1992 conviction for possession of cocaine with intent to distribute and a 1992 conviction for assault and battery of a high and aggravated nature ("ABHAN"). At the time, the Guidelines were

1

mandatory. Jones was sentenced to a total term of imprisonment of 480 months and five years of supervised release.

Jones previously filed a § 2255 motion in 2003, which the court denied on the merits. Jones v. United States, 2:03-cv-3861 (July 19, 2006), ECF No. 22. Then in 2011, Jones filed a motion to set aside an order pursuant to Federal Rule of Civil Procedure 60, which the court construed as a successive § 2255 motion and dismissed for lack of jurisdiction. Jones v. United States, 2:03-cv-3861 (August 30, 2011), ECF No. 39. Jones filed the instant § 2255 motion on June 13, 2014. ECF No. 183. The government filed its response/motion to dismiss on September 25, 2014. ECF No. 194. The case was then held stayed pending the Fourth Circuit's decision in Whiteside v. United States, 578 F. App'x 218 (4th Cir. 2014). ECF No. 197. The stay was lifted on January 7, 2016, ECF No. 201, and Jones filed a response to the government's motion to dismiss and in support of his motion on February 2, 2016, ECF No. 202. The government replied to its response/motion to dismiss on May 6, 2016. ECF No. 212. On August 17, 2016, the government filed a motion to stay Jones's motion pending the resolution of Beckles v. United States, 137 S. Ct. 886 (2017). ECF No. 229. The court stayed the case. ECF Nos. 232–33. On February 15, 2020, Jones sought leave to amend his motion, ECF No. 251, which the court allowed, ECF No. 252. The government filed a response to the motion on July 2, 2020, ECF No. 264, and Jones filed a reply on August 4, 2020, ECF No. 267. Jones's motion is now ripe for review.[1]

---

[1] The court also notes that Jones filed a motion for compassionate release on June 19, 2020, which is still pending before the court. This order does not address that motion.

## II.  STANDARD

Pursuant to 28 U.S.C. § 2255(a):

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

The petitioner must prove the grounds for collateral attack by a preponderance of the evidence.  See King v. United States, 2011 WL 3759730, at *2 (D.S.C. Aug. 24, 2011) (citing Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958)).[2]

## III.  DISCUSSION

Jones argues that his ABHAN conviction no longer qualifies as a violent felony, meaning that it cannot be used as a predicate offense for his career offender status under the Guidelines.  To be a career offender under the Guidelines, the defendant must have at least two prior felony convictions of either a crime of violence or a controlled substance offense.  U.S.S.G. § 4B1.1.  In United States v. Hemingway, the Fourth Circuit held that a South Carolina ABHAN conviction is not a violent felony under the Armed Career Criminal Act ("ACCA").  734 F.3d 323, 338 (4th Cir. 2013).  The relevant portion of the definition of "violent felony" under the ACCA is identical to the relevant portion of the definition of "crime of violence" under the Guidelines.  In his reply brief, Jones also argues that based on Johnson v. United States, 135 S. Ct. 2551 (2015), the residual clause

---

[2] In deciding a § 2255 petition, the court shall grant a hearing, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  Upon review of the record in this case, the court finds that a hearing is not warranted.

in the career offender designation is unconstitutional, further supporting his argument that he is improperly classified as a career offender. Jones then adds a new ground for relief in his motion to supplement his § 2255 motion, arguing that his § 924(c) conviction should be vacated. He explains that the language of the indictment makes it impossible to determine which count was used as the predicate offense for his § 924(c) conviction, meaning his conviction must be vacated. Jones also contends that if his conviction is vacated, he should be resentenced in full. Finally, Jones argues in his reply brief to his motion to amend that pursuant to the holding in a recent Fourth Circuit opinion, Lester v. Flournoy, 909 F.3d 708 (4th Cir. 2018), Jones's sentence is fundamentally defective and he is entitled to habeas relief.

In response, the government argues that Jones's motion must be dismissed for a variety of reasons, including that the motion is successive and untimely and that Jones's claim is not cognizable in a § 2255 proceeding and is procedurally barred. The court is constrained to agree with the government's first argument. A motion is successive if it was preceded by a § 2255 motion that was dismissed on the merits. Slack v. McDaniel, 529 U.S. 473, 489 (2000). In the absence of pre-filing authorization from a court of appeals, the district court lacks jurisdiction to consider a successive § 2255 motion. United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). Jones already filed one § 2255 motion in 2003, which the court denied on the merits.[3] As such, the instant motion is successive. Jones did not obtain authorization from the Fourth Circuit prior to

---

[3] As mentioned above, Jones also filed a motion that the court construed as a successive § 2255 motion, which the court also denied.

filing his motion, meaning the court is without jurisdiction to consider the motion. Therefore, Jones's motion must be dismissed for lack of jurisdiction.

The court acknowledges Lester's holding that a petitioner's misclassification as a career offender under the mandatory Guidelines, which is the basis of Jones's argument here, can be an "error sufficiently grave to be deemed a fundamental defect" even if the petitioner has already filed a § 2255 that was denied. 909 F.3d at 712. However, for Jones to argue that this holding applies to him, he must seek relief under 28 U.S.C. § 2241. As the Fourth Circuit explained, "[i]n limited circumstances, courts including ours have said that a prisoner otherwise unable to file a second or successive § 2255 petition may instead seek relief under 28 U.S.C. § 2241." Id. at 711. The petitioner in Lester filed his petition under § 2241, as did the petitioner in United States v. Wheeler, the case relied upon by Lester. See Lester, 909 F.3d at 710 (noting that Lester "filed under 28 U.S.C. § 2241"); United States v. Wheeler, 886 F.3d 415, 421 (4th Cir. 2018), cert. denied, 139 S. Ct. 1318 (2019) (noting that the petitioner filed a request for authorization to file a second § 2255 motion along with an alternative petition requesting relief pursuant to 28 U.S.C. § 2241). Jones only seeks relief under § 2255, and the court declines to interpret his argument in his reply brief, which contains no mention of § 2241, as requesting to amend his petition to seek relief under §2241.

Rule 11(a) of the Rules Governing § 2255 Proceedings provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An applicant satisfies this standard by establishing that reasonable jurists would find that the

district court's assessment of the constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003). Here, Jones does not meet this standard because there is nothing debatable about the court's resolution of his § 2255 petition.

## IV.   CONCLUSION

For the foregoing reasons, Jones's motion is **DISMISSED** for lack of jurisdiction. A certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

_____
DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**August 11, 2020**
**Charleston, South Carolina**